GERSPER et al., Appellees,

v.

OHIO DEPARTMENT OF HIGHWAY SAFETY et al., Appellants.

[Cite as *Gersper v. Ohio Dept. of Hwy. Safety* (1994), 95 Ohio App.3d 1.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–944.

Decided May 5, 1994.

**2**

*Berry & Shoemaker* and *Kevin L. Shoemaker*, for appellees.

*Lee Fisher*, Attorney General, and *Mary Kirchner–Crawford*, Assistant Attorney General; *Schottenstein, Zox & Dunn, Kris M. Dawley, Edwin L. Skeens* and *David R. Eberhart*, for appellants.

REILLY, Judge.

Appellants, the Ohio Department of Highway Safety and Ohio Bureau of Motor Vehicles ("BMV"), issued a "Request for Proposals for Deputy Registrar Appointees." The request for proposals ("RFP") was dated January 11, 1993, and invited proposals from individuals and entities to contract with appellants to

operate deputy registrar agencies in various locations throughout the state. The RFP set forth the specifications required for an acceptable agency and described the procedure used in awarding the contracts.

The RFP provided that the Registrar of Motor Vehicles reserved the right to set aside up to fifteen percent of the deputy registrar contracts for proposals from minority candidates. The contract for location No. 2502 in Worthington, Ohio, was set aside for proposals only by minority individuals. The proposal procedure for the minority contracts is the same as for all other deputy registrar contracts, except that only minority individuals are qualified to submit proposals.

Zelda Cooper and appellees Marianne Gersper and Karen Markusic bid on location No. 2502. Cooper is a member of a minority group; appellees are not. Cooper scored forty-six out of fifty possible points on her evaluation. Although appellees both scored fifty points, they were disqualified, as location No. 2502 was a designated minority contract location. Hence, Cooper was awarded the contract as a qualified minority proposer.

Subsequently, appellees filed this action to contest the award of the contract to Cooper. Appellees contended that deputy registrar contracts were employment contracts. Appellees claimed that there was no statutory authority that allowed or required appellants to set aside minority contracts for officers or employees. Appellees maintained that R.C. Chapter 125 did not apply to appellants' selection process. Appellees claimed that in the absence of statutory authority, appellants' reliance on Ohio Adm.Code 4501:1–6–02(J), which allows the registrar to subject deputy registrar contracts to minority business set-asides to the extent permitted or required by law, violates the Equal Protection Clauses of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.

This case was tried to the Court of Claims of Ohio. The court determined that deputy registrars are employees of the BMV, not independent contractors, and therefore the minority business enterprises ("MBE") program set forth in R.C. Chapter 125 did not apply to the award of deputy registrar contracts. In its amended judgment entry, the court issued a declaratory judgment stating that "the provisions of R.C. Chapter 125 are not applicable to the award of contracts for deputy registrar services, and that the awarding of a contract to Ms. Zelda Cooper on the basis of her race *would* violate provisions of the Ohio and United States Constitutions." (Emphasis added.) The court enjoined appellants from entering into a contract with Cooper for deputy registrar services unless they reevaluated all proposals submitted for location No. 2502 without regard to the race of the proposers.

This appeal was duly filed including two assignments of error:

"First Assignment of Error

"The Court of Claims erred in exercising jurisdiction over the plaintiffs' constitutional claims.

"Second Assignment of Error

"The Court of Claims erred in determining that deputy registrars are employees of the Ohio Bureau of Motor Vehicles the [*sic*] and that, therefore, the Ohio MBE laws do not apply to the awarding of deputy registrar contracts."

In support of their first assignment of error, appellants assert that the Court of Claims granted declaratory and injunctive relief to appellees on the basis that the set-aside program for deputy registrar contracts violated the Ohio and United States Constitutions. Appellants conclude that because the Court of Claims lacks jurisdiction to adjudicate constitutional claims, its judgment should be vacated and appellees' constitutional claims dismissed. Appellees concede that the Court of Claims addressed constitutional claims and that it lacked the jurisdiction to do so. Appellees also request that this case be vacated and the appeal dismissed.

█ The parties correctly note that the Court of Claims lacks jurisdiction to hear a claim to the extent that it asserts constitutional violations. *White v. Dept. of Rehab. & Corr.* (Dec. 22, 1992), Franklin App. No. 92AP–1229, unreported, 1992 WL 385913.

█ While the complaint included constitutional violation claims and while the Court of Claims discussed constitutional issues, its amended judgment entry reveals that it did not base its determination on a constitutional ground. The court held that provisions of R.C. Chapter 125 did not apply to the process of awarding contracts to deputy registrars. This ruling does not adjudicate a constitutional issue. Appellants had relied on R.C. Chapter 125 when it stipulated that only members of minority groups could submit proposals for location No. 2502.

Although the Court of Claims went beyond its jurisdiction in enjoining appellants from considering race when they reevaluated the proposals, the court had jurisdiction to rule on the claim that R.C. Chapter 125 did not apply to the RFP for deputy registrar contracts. Accordingly, appellants' first assignment of error is overruled.

In their second assignment of error, appellants contend that the Court of Claims erred when it concluded that Ohio's MBE laws (R.C. Chapter 125) did not apply to deputy registrar contracts. R.C. 125.081(B) provides that to the extent a state agency is authorized to make purchases, the agency shall set aside fifteen percent of the aggregate value of the purchases for competition by minority businesses only. R.C. 125.01(F) defines "purchase" as "to buy, rent, lease, lease purchase, or otherwise acquire supplies or services. 'Purchase' also includes

* * * preparation and award of contracts * * *." R.C. 125.01(G) excludes services furnished pursuant to employment agreements or collective bargaining agreements from the definition of "services." Thus, the applicability of R.C. Chapter 125 to deputy registrar contracts depends upon whether deputy registrars are employees or independent contractors.

The Court of Claims found that deputy registrars were employees, not independent contractors. The court based this finding on the language of the proposed contract and the definition of an "independent contractor" as set forth in Ohio Jury Instructions, which provides that an independent contractor has the right "to direct and control the performance of the work, the methods to be used, and what, when and how the work [is] to be done." 1 Ohio Jury Instructions (1993), Section 15.50, at 194, paragraph 5.

Whether someone is an employee or an independent contractor is ordinarily a question for the trier of fact. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 524 N.E.2d 881. Unless the Court of Claims' determination that deputy registrars are employees is against the manifest weight of the evidence, we must affirm the court's finding. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

When deciding whether someone is an employee or an independent contractor, the key factual determination to be made is who has the right to control the manner or means of doing the work. *Gillum v. Indus. Comm.* (1943), 141 Ohio St. 373, 25 O.O. 531, 48 N.E.2d 234, at paragraph two of the syllabus; *Bostic, supra;* and *Marshall v. Aaron* (1984), 15 Ohio St.3d 48, 15 OBR 145, 472 N.E.2d 335. While the basic test for determining whether an employee or independent contractor relationship exists is whether the employer or the worker has control over the manner and means of the work done, it is not the only test, and control may be manifested in many ways. *Duke v. Sanymetal Products Co.* (1972), 31 Ohio App.2d 78, 60 O.O.2d 171, 286 N.E.2d 324.

The characteristics of a deputy registrar prevent the position from neatly fitting into an employee or an independent contractor classification. The BMV controls many aspects of the operation of a deputy registrar agency. At the same time, a deputy registrar controls many other aspects of the work. A majority of the controls that the BMV exercises involve start-up requirements, such as specifications concerning the location, size, and features of a facility, and the amount of bond the deputy registrar must provide. Other controls concern general operating procedures, such as minimum staff requirements and minimum hours that the agency is open to the public. Additionally, a deputy registrar may

not change its address, phone number, or bank without prior written consent from the registrar. Ohio Adm.Code 4501:1–6–01(X). The BMV pays for the computer phone line installation and supplies the computer equipment and vision screening equipment.

The deputy registrar is responsible for providing suitable counters and other equipment, and for providing a facility that meets specifications. The deputy registrar pays for electrical line installation and all other remodeling costs. The deputy registrar supplies a cash register or a locked cash drawer. The Revised Code dictates the fees which a deputy registrar may charge. The deputy registrar and its employees must attend all necessary training sessions and are responsible for all travel and meal expenses. The deputy registrar is responsible for its vendor's license.

The deputy registrar is responsible for hiring, setting compensation and wages, and supervising its employees. A deputy registrar is responsible for unemployment compensation, workers' compensation payments, income tax deductions, Social Security contributions and deductions, and all other taxes or payroll deductions required for its employees engaged to operate the agency. Ohio Adm.Code 4501:1–6–01.

The BMV does not pay the deputy registrar's salary; the deputy registrars receive compensation from the fees that statutes permit them to charge for the services they provide. The BMV does not provide vacation or sick pay to deputy registrars. Deputy registrars have some flexibility in the hours they work. The deputy registrar is to perform services on behalf of the registrar professionally and efficiently. Ohio Adm.Code 4501:1–6–01(T). The deputy registrar contract provides that the deputy registrar is an independent contractor.

When all essential elements of running a deputy registrar agency are considered we do not find that competent credible evidence supports the Court of Claims' finding that the deputy registrar is an employee. Control of the day-to-day operations rests primarily with the deputy registrar. We find that this is the determinative control for purposes of determining whether an employee or an independent contractor relationship is present.

Accordingly, appellants' second assignment of error is sustained.

Appellants' first assignment of error is overruled. Appellants' second assignment of error is sustained.

The decision of the Court of Claims of Ohio is reversed and this cause is remanded for proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

TYACK and CLOSE, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.