OPINION
Walter D. Smith, plaintiff-appellant, appeals the April 19, 1999 judgment of the Court of Claims of Ohio. The trial court found the State of Ohio, defendant-appellee, liable for $21,517.44. We reverse and remand.
In July 1985, appellant robbed a gas station. During the robbery, appellant stole a .22 caliber automatic pistol. On July 18, 1985, appellant robbed another gas station by threatening the gas station attendant with the stolen pistol. Appellant claimed the reason he robbed the gas station was "to go purchase more cocaine and use cocaine." Appellant was arrested and indicted for both robberies. As part of a plea agreement with prosecutors, appellant pled guilty to one count of aggravated robbery, a violation of R.C. 2911.01, in exchange for the dismissal of the gun specification and second aggravated robbery charge. On January 16, 1986, appellant was sentenced to serve six to twenty-five years in prison for the aggravated robbery conviction.
Also, before appellant was convicted, he was accused of raping two women on May 15, 1985 and May 31, 1985. He pled not guilty to these charges, but was found guilty by a jury for five counts of rape, a violation of R.C. 2907.02; two counts of kidnapping, a violation of R.C. 2905.01; two counts of aggravated burglary, a violation of R.C. 2911.11; and one count of robbery, a violation of R.C. 2911.02. On December 19, 1986, appellant was sentenced to serve consecutive sentences for each of these convictions (hereafter referred to as appellant's "rape convictions.") The amount of prison incarceration imposed upon appellant for the rape convictions totaled seventy-eight to one hundred ninety years.
Appellant continued to claim he was innocent of the charges associated with the rape convictions and requested to have his DNA tested in order to prove his innocence. Appellant testified:
 I had first started my request for DNA testing in 1987. I filed several motions in court, pro se, of which were denied. Continually, I wrote attorneys, anyone who would listen, repeatedly. I wrote approximately 500 letters asking attorneys to take my case and assist me in procuring DNA testing. None responded. I started writing national media people. Some illustrated some interest, but no one ever did anything. I wrote Jerry Revish at WBNS-10 TV in 1988 — 1989. He responded and started assisting me. And through his help and aid over six years, I was able to procure DNA testing.
Appellant's DNA was tested and compared to the DNA found in the semen retrieved from the two rape victims. The results showed that appellant's DNA did not match the DNA of the rapist. Thereafter, the Franklin County prosecutor's office had an independent laboratory test appellant's DNA. The laboratory results were consistent with and came to the same conclusion as the first DNA test.
On November 7, 1996, the Franklin County Court of Common Pleas, Criminal Division, filed an entry that stated:
 [Appellee] and the state of Ohio have joined in a motion to grant [appellant] a new trial as two laboratories have concluded from DNA testing that [appellant] is excluded as a suspect. Therefore, the motion for a new trial * * * on seven counts of rape, three counts of kidnapping, three counts of aggravated burglary and two counts of robbery, is granted.
On November 8, 1996, the court filed a "nolle prosequi" entry at the request of the prosecuting attorney for Franklin County, Ohio, dismissing all criminal charges against appellant in relation to the rape convictions.
A parole hearing was held on November 20, 1996, to evaluate appellant's sentence for the robbery conviction. On December 6, 1996, appellant was paroled by the Ohio Adult Parole Authority for the robbery conviction and one-year later, he was released from parole. Appellant was incarcerated from January 27, 1986 to December 6, 1996, approximately ten years and ten months.
On July 11, 1997, the Franklin County Court of Common Pleas filed an entry holding that appellant "is a wrongfully imprisoned individual for the rape charges including all lesser included offenses for which he was sentenced on November 19, 1986" pursuant to R.C. 2743.48. Appellant filed a complaint against appellee[1] in the Court of Claims on June 26, 1997, claiming damages for being a wrongfully imprisoned individual based upon the rape convictions. Appellant argued that he was wrongfully imprisoned because he "was not eligible for and precluded from applying for and/or receiving any form of shock probation and/or shock parole as a result of his conviction for the alleged rapes."
The Court of Claims held a trial on December 3 and 4 of 1998, with thirty-one joint trial exhibits admitted as evidence. Three witnesses, including appellant, testified on behalf of appellant. Professor Max Kravitz, a criminal law professor at Capital University Law School, testified with regard to when he thought appellant would have been paroled if he had only been convicted of the aggravated robbery charges. Dr. John F. Burke, a doctor of philosophy in economics, testified concerning the amount of earnings appellant had lost and would lose in the future because of his wrongful incarceration for the rape convictions. Appellee presented the testimony of Steven Wayne Van Dine, Chief of the Bureau of Research with the Ohio Department of Rehabilitation and Corrections. Van Dine testified concerning statistics related to the average amount of time offenders with similar circumstances to appellant, excluding the rape convictions, spend in prison.
On April 19, 1999, the Court of Claims rendered a decision favorable to appellant in the amount of $21,517.44. The award was based upon a finding by the court that appellant was entitled to compensation for attorney fees and expenses incurred in connection with the criminal proceedings involving the rape convictions. The court also found that appellant was not entitled to damages relating to his civil action for wrongful imprisonment "because [appellant] was concurrently serving a period of incarceration under a lawfully imposed sentence." The court stated:
 [Appellant] was incarcerated in January 1986 under a lawfully imposed six to twenty-five year sentence on charges unrelated to his wrongful imprisonment. Notwithstanding [appellant's] experts' credible testimony, the court cannot find, as a matter of law, that [appellant] should have been released prior to December 6, 1996. The court finds that [appellant] was properly incarcerated until the parole board exercised its discretion and released him on December 6, 1996.
Appellant appeals this decision and presents the following three assignments of error:
FIRST ASSIGNMENT OF ERROR:
 The Trial Court erred by finding that Appellant does not qualify for damages pursuant to Ohio Revised Code § 2743.48(E)(2)(b);
SECOND ASSIGNMENT OF ERROR:
 The Trial Court erred by finding that Appellant does not qualify for damages pursuant to Ohio Revised Code § 2743.48(E)(2)(c);
THIRD ASSIGNMENT OF ERROR:
 The Trial Court erred by failing to award Appellant damages pursuant to Ohio Revised Code § 2743.48 (F)(2).
In his first assignment of error appellant argues that the trial court erred by finding that he did not qualify for damages pursuant to R.C. 2743.48(E)(2)(b). Appellant contends that since he had been found to be a wrongfully imprisoned individual by the court of common pleas pursuant to R.C.2743.48(A), the Court of Claims was required to award damages based upon the amount of time appellant was imprisoned for the offenses which he did not commit.
The Ohio Revised Code provides a two-step process whereby a person claiming wrongful imprisonment may sue the state for damages incurred due to the alleged wrongful imprisonment.State ex rel. Tubbs Jones v. Suster (1998), 84 Ohio St.3d 70, 72.
 The first action, in the common pleas court under R.C. 2305.02, seeks a preliminary factual determination of wrongful imprisonment; the second action, in the Court of Claims under R.C. 2743.48, provides for damages.
* * *
 If the common pleas court makes such a finding, then the petitioner may file a civil suit for money damages against the state. R.C. 2743.48(B) and (D). The claim must be commenced in the Court of Claims within two years of the common pleas court's determination that the petitioner had been wrongfully incarcerated. R.C. 2743.18(H).
R.C. 2743.48(E)(2)(b) provides that a wrongfully imprisoned individual is entitled to $25,000 for "each full year that he was imprisoned in the state correctional institution for the offense of which he was found guilty," and a pro-rated share of $25,000 for each part of a year that he was so imprisoned. It is reasonable to conclude that damages awarded pursuant to R.C.2743.48(E)(2)(b) are based upon time served in prison for an offense in which an individual was found guilty, and, was in fact, wrongfully imprisoned pursuant to R.C. 2743.48(A).
In the present case, it is clear that appellant's rape convictions influenced his eligibility for parole. Before appellant's rape convictions were dismissed, the earliest date he could have been eligible for parole would have been September 1, 1997. If he had not been found guilty of the rape convictions, the earliest date he could have been eligible for parole would have been February 13, 1990. Additionally, appellant was granted parole from prison on December 6, 1996, only twenty-eight days after the rape convictions were dismissed. Therefore, we find that the trial court erred in concluding "as a matter of law" that appellant was not entitled to damages. A review of the record shows that there is a question of fact concerning whether: (1) appellant served more time in prison because of his rape convictions, and (2) the amount of that time.
Appellant argues that the issue of the amount of damages he should receive pursuant to R.C. 2743.48(E)(2)(a) is well-settled because the "evidence and uncontroverted expert testimony presented at trial establish that the Appellant would have been released from prison on February 13, 1990, but for his wrongful imprisonment for the rapes and other charges." However, appellant is incorrect in this assertion because a review of the evidence shows that there is a question of fact whether appellant would have been released. For example, Professor Kravitz stated:
 According to my calculations, [appellant] served 11 years, one month and 20 days (which includes 90 days jail time credit) for a first offense aggravated robbery charge. It is my opinion that he would have been released within 4 1/2 years and 6 years if he wasn't unjustly convicted. Therefore, [appellant] unnecessarily served a sentence between 7 years, 7 months and 20 days and 5 years, one month and 20 days as a result of his unjust convictions on the 1986 indictment.
Professor Kravitz also stated that "I could not find any objective factor that would disqualify [appellant] or make someone hesitant to release [appellant] at the first opportunity that he would be considered for parole."
Steve Van Dine stated in his report:
 It is impossible to speak with certitude as to how long any specific offender would spend in prison, since release would be a discretionary decision of the parole board. Until a hearing takes place, and a decision is rendered, there is only speculation as to how long an inmate's incarceration period might be.
Van Dine also concluded that statistically 26.8 percent of prisoners with convictions and criminal backgrounds similar to appellant were released at their first parole opportunity and the average sentence for aggravated robbers was 6.66 years. He also stated that in the event that a prisoner, in similar circumstances to appellant, is not released after their first parole hearing, the average time before the next parole hearing would be thirteen to twenty-four months.
The trier of fact shall determine the compensation and damages to be awarded in a case and the assessment of damages is a matter within the sole province of the trier of fact. Nevins v.Ohio Dept. of Trans. (Dec. 22, 1998), Franklin App. No. 98AP-141, unreported. In the present case, the trial judge is the trier of fact pursuant to R.C. 2743.11 because appellant's action is against the state in the Court of Claims. Therefore, on remand, if the court finds that appellant served more time in prison because of the rape convictions, the trial judge should then determine whether appellant is entitled to damages and, if so, the amount of damages he should receive.
We also acknowledge appellee's argument that appellant "cannot demonstrate that he was a wrongfully incarcerated individual on the aggravated robbery conviction." However, as we discussed earlier, this is not the issue that was before the Court of Claims. The issue to be determined is whether appellant served more time in prison because of the rape convictions. Additionally, a review of the evidence shows appellee failed to provide any proof to establish that appellant would have remained in prison until December 1996 even if he had not been convicted of rape. Also, considering how quickly appellant was paroled from prison after it was determined his DNA did not match the rapist's DNA, it is apparent that sufficient evidence was presented to show there is a question of fact as to whether appellant was in prison longer for his aggravated robbery conviction because of his rape convictions.
We also note that unless the Court of Claims' factual determinations are against the manifest weight of the evidence, a reviewing court must affirm the court's findings. Gersper v. OhioDept. of Hwy. Safety (1994), 95 Ohio App.3d 1, 5. In the present case, the Court of Claims based its decision to not award damages pursuant to R.C. 2743.48(E)(2)(b) "as a matter of law" and not as a question of fact. We are not reversing a factual determination by the court, but instead the trial court's decision concerning a question of law.
Accordingly, we find that the Court of Claims erred in finding that it could not award damages pursuant to R.C.2743.48(E)(2)(b), because appellant "was concurrently serving a period of incarceration under a lawfully imposed sentence." We sustain appellant's first assignment of error and remand the present case to the Court of Claims to determine based upon the evidence that was presented to the court: (1) whether appellant served more time in prison because of the rape convictions; (2) how long his term of imprisonment was extended because of the rape convictions; and (3) the amount of appellant's damages consistent with the guidelines provided in R.C. 2743.48(E)(2)(b).
Appellant argues in his second assignment of error that the trial court erred by finding that appellant did not qualify for damages pursuant to R.C. 2743.48(E)(2)(c). R.C.2743.48(E)(2)(c) allows a wrongfully imprisoned individual to recover any "loss of wages, salary, or other earned income that directly resulted from his arrest, prosecution, conviction, and wrongful imprisonment." Appellant similarly argues in his third assignment of error that the trial court erred by failing to award damages pursuant to R.C. 2743.48(F)(2). R.C. 2743.48(F)(2) allows a wrongfully imprisoned individual to recover attorney fees for his wrongfully imprisoned civil action in the Court of Claims, pursuant to R.C. 2743.48.
Based upon our discussion relating to appellant's first assignment of error, we sustain appellant's second and third assignments of error. If the Court of Claims determines that appellant served more time in prison because of the rape convictions, the court should also determine the amount of damages appellant is entitled to receive pursuant to R.C. 2743.48(E)(2)(c) and (F)(2).
Accordingly, appellant's three assignments of error are sustained, the judgment of the Court of Claims is reversed, and the present case is remanded for further proceedings consistent with our opinion.
Judgment reversed; cause remanded with instructions.
DESHLER and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] We note that in the present case, we are not addressing whether the State of Ohio is a properly named defendant in the Court of Claims pursuant to R.C. 2743.13(A) or whether the judgment against appellee was proper pursuant to R.C. 2743.19(A). See, also, Barnes v. State of Ohio (Apr. 23, 1996), Franklin App. No. 95API09-1153, unreported, dismissed (1996); Beamer v. State ofOhio (May 12, 1983), Franklin App. No. 82AP-654, unreported.