[Cite as *Blacker v. Warren Correctional Inst.*, 2010-Ohio-5454.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NATHANIAL C. BLACKER

  Plaintiff

  v.

WARREN CORRECTIONAL INSTITUTION

  Defendant

   Case No. 2009-08853-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} 1)   Plaintiff, Nathaniel C. Blacker, an inmate, filed this action against defendant, Warren Correctional Institution (WCI), alleging his watch was damaged while under the control of WCI staff.  Additionally, plaintiff claimed twelve books that were in his possession at the time he transferred from WCI to the Southern Ohio Correctional Facility (SOCF) were wrongfully withheld from his possession by SOCF personnel in violation of internal regulations.  On November 28, 2007, plaintiff and his personal property were transferred from WCI to SOCF.  Plaintiff explained that once he arrived at SOCF he was assigned to a housing unit where he was allowed to possess a minimal amount of property items while the bulk of his property remained in storage.

{¶ 2} 2)   Plaintiff recalled he made an inquiry on April 17, 2008 about his property that was in storage at SOCF.  Plaintiff further recalled he was informed at that time there was only one book that could be found in storage.  Plaintiff noted he regained possession of his book on November 18, 2008.  Plaintiff contended SOCF staff persisted in withholding printed material from him and failed to follow internal

administrative procedures in not providing him with adequate reason why the printed material was withheld from his possession. Furthermore, plaintiff alleged his watch was broken while in storage and SOCF personnel failed to follow administrative regulations in investigating the cause of the damage to his watch. Plaintiff filed this complaint seeking to recover $900.00, the stated value of the eleven withheld books and watch. Plaintiff asserted, "[t]he Defendant's actions constitute Fourteenth Amendment Due Process violations, as secured by the U.S. Constitution, and a commission of the common law tort of conversion." Payment of the filing fee was waived.

{¶ 3} 3) Defendant denied any liability in this matter. Initially, defendant acknowledged plaintiff's watch is broken. However, defendant contended plaintiff has failed to provide any evidence to establish the watch was broken while under the control of either WCI personnel or SOCF staff. Defendant also acknowledged that several books possessed by plaintiff at WCI were placed in long term storage at SOCF. Defendant offered the following explanation for retaining the books: "Some have been left in storage due to their content, which is inappropriate for a maximum security prison. Some have been left in storage because Plaintiff is would be over his 2.4 cubic feet property limit if he were to be in possession of them." Defendant claimed discretionary immunity in withholding the books from plaintiff's possession. Defendant argued plaintiff has failed to offer any evidence to establish liability based on a conversion premise.

{¶ 4} 4) Plaintiff filed a response noting he was transferred from SOCF to the Ross Correctional Institution (RCI) on December 15, 2009, after this complaint was filed. Plaintiff related he "received no books from long-term storage, as there were none being held in long term storage at SOCF, upon arrival to RCI on December 15, 2009, nor since that time." Plaintiff again asserted SOCF staff failed to follow administrative rules when dealing with his complaints about the books and watch. Plaintiff insisted his watch was broken while under the control of either WCI personnel or SOCF personnel.

CONCLUSIONS OF LAW

{¶ 5} 1) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 6} 2) Although not strictly responsible for a prisoner's property, defendant

had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 7}** 3) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 8}** 4) Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 9}** 5) In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

**{¶ 10}** 6) Plaintiff has failed to prove a causal connection between the damage to his watch and any breach of duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD.

**{¶ 11}** 7) Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was damaged as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

**{¶ 12}** 8) Plaintiff himself filed this claim seeking redress for alleged violations of his constitutional rights under the Fourteenth Amendment. Accordingly, plaintiff's claim, based on alleged violations of his constitutional rights is dismissed. This court lacks jurisdiction to hear a claim to the extent it asserts constitutional violations. *Gersper v. Ohio Dept. of Hwy. Safety* (1994), 95 Ohio App. 3d 1, 641 N.E. 2d 113.

**{¶ 13}** 9) The Supreme Court of Ohio has held that "[t]he language in R.C. 2743.02 that 'the state' shall 'have its liability determined *** in accordance with the same rules of law applicable to suits between private parties ***' means that the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." *Reynolds v. State*

(1984), 14 Ohio St. 3d 68, 70, 14 OBR 506, 471 N.E. 2d 776; see also *Von Hoene v. State* (1985), 20 Ohio App. 3d 363, 364, 20 OBR 467, 486 N.E. 2d 868. Prison administrators are provided "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institution security." *Bell v. Wolfish* (1979), 441 U.S. 520, 547, 99 S. Ct. 1861, 60 L. Ed. 2d 447.

{¶ 14} 10) Prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418. Additionally, this court has held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182. Accordingly, to the extent plaintiff alleges that SOCF staff failed to comply with internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief.

{¶ 15} 11) Plaintiff has failed to prove his books were lost or destroyed while stored at SOCF. See *Lister v. London Corr. Inst.*, Ct. of Cl. No. 2009-06524-AD, 2009-Ohio-7185.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NATHANIAL C. BLACKER

Plaintiff

v.

WARREN CORRECTIONAL INSTITUTION

Defendant

Case No. 2009-08853-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Nathanial C. Blacker, #505-996
P.O. Box 45699
Lucasville, Ohio  45699

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

RDK/laa
6/3
Filed 7/14/10
Sent to S.C. reporter 11/5/10