[Cite as *Sudberry v. S. Ohio Corr. Facility*, 2011-Ohio-7017.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES D. SUDBERRY

   Plaintiff

   v.

SOUTHERN OHIO CORRECTIONAL FACILITY

   Defendant

Case No. 2011-04444-AD

Deputy Clerk Daniel R. Borchert


MEMORANDUM DECISION


FINDINGS OF FACT

{¶ 1}   Plaintiff, James Sudberry, an inmate incarcerated at defendant, Southern Ohio Correctional Facility (SOCF), stated that an unidentified corrections officer (CO) opened a window in front of plaintiff's cell with "the specific purpose to freeze me out & make me suffer in the cold in my cell in January winter of 2011."  Plaintiff pointed out that he complained to SOCF staff, specifically Captain Bell, who saw the open window but did not intervene and close the window.  On June 7 and August 9, 2011, plaintiff filed additional documents in support of his allegations.

{¶ 2}   Plaintiff contended that defendant owed him a duty to maintain the housing units from exposure to extreme temperatures. Plaintiff further contended that defendant breached that duty when the CO left the window open all day in January. Consequently, plaintiff filed this complaint seeking to recover $2,500.00 in damages for "freezing  cold & suffering for 1 day."  Payment of the $25.00 filing fee was waived.

{¶ 3}   Defendant requested that plaintiff's claim be dismissed due to this court

lacking subject matter jurisdiction over constitutional claims. In the alternative, defendant denied liability and noted plaintiff failed to prove that a window was left open or that he suffered personal injury as the result of being exposed to cold air.

{¶ 4} Plaintiff filed a response essentially reiterating the allegations of the complaint and contending that defendant failed to fully investigate his claim by interviewing his two named witnesses. Plaintiff also asserted that defendant's employees regularly violate internal policies and abuse their power in order to harass inmates.

CONCLUSIONS OF LAW

{¶ 5} Prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates. *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 479, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418. Additionally, this court has held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182. Accordingly, to the extent that plaintiff alleges that SOCF somehow violated internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief.

{¶ 6} The court construes plaintiff's claim of exposure to extremely cold temperatures to be essentially a claim based upon the conditions of his confinement. Inmate complaints regarding the conditions of confinement are treated as claims arising under 42 U.S.C. 1983. *State ex rel. Carter v. Schotten*, 70 Ohio St. 3d 89, 91, 1994-Ohio-37, 637 N.E. 2d 306. Such claims may not be brought against the state in the Court of Claims because the state is not a "person" within the meaning of Section 1983.

{¶ 7} Any claim made as a deprivation of constitutional rights is not cognizable in this court. This court lacks subject matter jurisdiction over alleged violations of constitution rights and alleged violations under Section 1983, Title 42, U.S. Code. See e.g., *Jett v. Dallas Indep. School Dist.* (1989), 491 U.S. 704, 109 S. Ct. 2702, 105 L. Ed.

2d 598; *Burkey v. Southern Ohio Correctional Facility* (1988), 38 Ohio App. 3d 170, 528 N.E. 2d 607; *Gersper v. Ohio Dept. of Hwy. Safety* (1994), 95 Ohio App. 3d 1, 641 N.E. 2d 1113. Any constitutional violation claim or claim of federal civil rights violation is not cognizable. See *Howard v. Supreme Court of Ohio*, Franklin App. No. 04AP-1093, 2005-Ohio-2130; *Wright v. Dept. of Rehab. & Corr.* (Mar. 28, 1995), Franklin App. No. 94AP108-1169.

{¶ 8}  Concomitantly, any claims involving retaliatory conduct are not cognizable in this court. In *Deavors v. Ohio Dept. of Rehab. and Corr.* (May 20, 1999), Franklin App. No. 98AP-1105, the court held that an inmate's claim regarding retaliatory conduct are properly classified as constitutional claims under Section 1983, Title 42, U.S. Code.

{¶ 9}  Furthermore, to the extent plaintiff asserts a claim of deliberate indifference, such claim is hereby construed as a constitutional claim. It is well-settled that such claims are not actionable in the Court of Claims. See *Thompson v. Southern State Community College* (June 15, 1989), Franklin App. No. 89AP-114.

{¶ 10} The Supreme Court of Ohio has established that an employer is liable for the tortious conduct of its employee only if the conduct is committed within the scope of employment and if the tort is intentional, the conduct giving rise to the tort must facilitate or promote the business of which the employee was engaged. *Byrd v. Faber* (1991), 57 Ohio St. 3d 56, 565 N.E. 2d 584, citing *Little Miami RR. Co. v. Wetmore* (1869), 19 Ohio St. 110, and *Taylor v. Doctors Hosp.* (1985), 21 Ohio App. 3d 154, 21 OBR 165, 486 N.E. 2d 1249.

{¶ 11} Further, an intentional and willful tort committed by an employee for his own purposes constitutes a departure from the employment, so that the employer is not responsible. *Szydlowski v. Ohio Dept. of Rehab. & Corr.* (1992), 79 Ohio App. 3d 303, 607 N.E. 2d 103, citing *Vrabel v. Acri* (1952), 156 Ohio St. 467, 46 O.O. 387, 103 N.E. 2d 564. The facts of this case, if taken as true, would constitute an intentional tort committed by defendant's employees performed for their own personal business purposes. Thus, following the rationale of *Szydlowski*, plaintiff would not have a cause of action against defendant for intentionally depriving him of warmth or adequate heat during the winter months.

{¶ 12} Based upon the foregoing, the court finds that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, judgment shall be rendered in favor of defendant.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES D. SUDBERRY

    Plaintiff

    v.

SOUTHERN OHIO CORRECTIONAL FACILITY

    Defendant

Case No. 2011-04444-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

James D. Sudberry, #402-190
P.O. Box 45699
Lucasville, Ohio 45699

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

10/20
Filed 10/25/11
Sent to S.C. reporter 3/13/12