[Cite as *Myers v. Ohio Dept. of Rehab. & Corr.*, 2012-Ohio-3218.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARVIN E. MYERS

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, et al.

    Defendants

    Case No. 2011-11769-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶1}  Plaintiff, Marvin Myers, an inmate incarcerated at defendant, London Correctional Institution (LoCI), stated that he wears size 20 shower shoes, that defendants' commissary and authorized vendors do not carry size 20 shoes, and that he is indigent and unable to pay for shower shoes.  Plaintiff pointed out that he complained about the lack of appropriate footwear to LoCI staff and that he has been treated with "Conscious & Deliberate Indifference."

{¶2}  Plaintiff contended that defendants have violated the institutional policy causing inappropriate supervision, discrimination, and racial issues.  Consequently, plaintiff filed this complaint seeking to recover $2,500.00 in damages; $200.00 for shower shoes/sandals, and $2,300.00 for mental anguish.[1]  Payment of the $25.00 filing fee was waived.

---

[1] Initially, it should be noted that this court does not recognize entitlement to damages for mental distress and extraordinary damages for simple negligence involving property issues.  *Galloway v. Department of Rehabilitation and Correction* (1979), 78-0731-AD; *Berke v. Ohio Dept. of Pub. Welfare* (1976), 52 Ohio App. 2d 271, 6 O.O. 3d 280, 369 N.E. 2d 1056.

{¶3} Defendants denied liability contending that plaintiff had been given the opportunity to obtain proper footwear. In addition, defendants pointed out plaintiff may not recover for mental distress associated with property loss.

{¶4} Plaintiff filed a response contending that defendants owed him a duty to provide a reasonable amount of inmate clothing including shower shoes. In addition, plaintiff argued defendants are discriminating against him by making him purchase shoes at a different price than the price paid by other inmates.

CONCLUSIONS OF LAW

{¶5} Prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 479, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418. Additionally, this court has held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182. Accordingly, to the extent that plaintiff alleges that LoCI somehow violated internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief.

{¶6} The court construes plaintiff's claim of shower shoe deprivation as essentially a claim based upon the conditions of his confinement. Inmate complaints regarding the conditions of confinement are treated as claims arising under 42 U.S.C. 1983. *State ex rel. Carter v. Schotten*, 70 Ohio St. 3d 89, 91, 1994-Ohio-37, 637 N.E. 2d 306. Such claims may not be brought against the state in the Court of Claims because the state is not a "person" within the meaning of Section 1983.

{¶7} Any claim made as a deprivation of constitutional rights is not cognizable in this court. This court lacks subject matter jurisdiction over alleged violations of constitutional rights and alleged violations under Section 1983, Title 42, U.S. Code. See e.g., *Jett v. Dallas Indep. School Dist.* (1989), 491 U.S. 704, 109 S. Ct. 2702, 105 L. Ed. 2d 598; *Burkey v. Southern Ohio Correctional Facility* (1988), 38 Ohio App. 3d 170, 528 N.E. 2d 607; *Gersper v. Ohio Dept. of Hwy. Safety* (1994), 95 Ohio App. 3d 1, 641 N.E. 2d 1113. Any constitutional violation claim or claim of federal civil rights

violation is not cognizable. See *Howard v. Supreme Court of Ohio*, 2005-Ohio-2130; *Wright v. Dept. of Rehab. & Corr.* (Mar. 28, 1995), Franklin App. No. 94API08-1169.

{¶8} Furthermore, the court construes plaintiff's claim of deliberate indifference as a constitutional claim. It is well-settled that such claims are not actionable in the Court of Claims. See *Thompson v. Southern State Community College* (June 15, 1989), Franklin App. No. 89AP-114. Based upon the foregoing, the court finds that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, judgment shall be rendered in favor of defendants.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARVIN E. MYERS

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, et al.

    Defendants

    Case No. 2011-11769-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.


_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Marvin E. Myers, #618-856
P.O. Box 69
London, Ohio 43140

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

011
Filed 2/15/12

sent to S.C. Reporter 7/17/12