BURKEY, APPELLANT, *v.* SOUTHERN OHIO CORRECTIONAL FACILITY, APPELLEE.

(No. 87AP-752—Decided January 12, 1988.)

*John Burkey, pro se.*

*Anthony J. Celebrezze, Jr.,* attorney general, and *Sally Ann Walters,* for appellee.

McCORMAC, J. John Burkey, plaintiff-appellant, filed an action in the Ohio Court of Claims against the Southern Ohio Correctional Facility and the warden, chaplin, and a member of the administrative control committee of the facility seeking damages, declaratory relief, and an injunction contending numerous violations of his civil rights pursuant to Section 1983, Title 42, U.S. Code. The Court of Claims dismissed the individual defendants as parties to the action on the basis that the only defendant in the Court of Claims is the state. R.C. 2743.02(E). That determination was clearly correct.

Defendant moved that the complaint be dismissed for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted on the basis that the Court of Claims has no jurisdiction over an action brought pursuant to Section 1983. The trial court sustained the motion and dismissed the action.

Plaintiff has appealed, asserting six assignments of error. However, the first four assignments of error pertain to the merits of the case and are not properly before the court at this time. Therefore, those assignments of error are overruled. The fifth and sixth assignments of error pertain to the trial court's dismissal alleging that the trial court erroneously dismissed the action contending that there is jurisdiction in the Court of Claims of a Section 1983, Title 42, U.S. Code action against the state of Ohio.

Appellant refers in his brief to Section 1983 actions against various individuals. However, those individuals were properly dismissed from the case pursuant to R.C. 2743.02(E) and, hence, jurisdiction cannot be based upon those persons' being named as defendants.

The critical issue is whether a Section 1983 lawsuit may be brought against the state of Ohio in a state court. This issue primarily involves the question of whether the state is a "person" as contemplated within the provisions of Section 1983, Title 42, U.S. Code. Section 1983, Title 42, U.S. Code provides as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, sub-

jects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. * * *"

In *State* v. *Green* (1981), 633 P. 2d 1381, 1382, the Alaska Supreme Court held that states are not "persons" within the meaning of Section 1983 based upon its interpretation of Section 1983 from the holding of the United States Supreme Court in *Quern* v. *Jordan* (1979), 440 U.S. 332. See, also, *Edgar* v. *State* (1979), 92 Wash. 2d 217, 595 P. 2d 534, certiorari denied (1980), 444 U.S. 1077. Generally, it has been held that the remedy afforded the one whose civil rights have been violated is to proceed against the officials who refuse to protect the individual's civil rights and that the state was granted immunity under the Eleventh Amendment in federal court against such suit and, also, in state court in that the state is not considered to be a person within the apparent intent of Section 1983.

In federal court, the state is not a "person" within the meaning of Section 1983 and cannot be sued thereunder. *Quern* v. *Jordan, supra.* Likewise, state agencies are not "persons" and cannot be sued under Section 1983. *Edelberg* v. *Illinois Racing Bd.* (C.A. 7, 1976), 540 F. 2d 279; *Thompson* v. *Burke* (C.A. 3, 1977), 556 F. 2d 231.

Appellant's fifth and sixth assignments of error are overruled.

Appellant's assignments of error are overruled, and the judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

BOWMAN and HOFSTETTER, JJ., concur.

HOFSTETTER, J., retired, of the Eleventh Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.