**UNDERWOOD, Appellant,**

v.

**ALLEN CORRECTIONAL INSTITUTION, Appellee.**

[Cite as *Underwood v. Allen Correctional Inst.* (1992), 78 Ohio App.3d 506.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1189.

Decided March 3, 1992.

*Edward Underwood, pro se.*

*Lee I. Fisher,* Attorney General, and *Jeffrey R. Goldsmith,* Assistant Attorney General, for appellee.

McCormac, Judge.

Edward Underwood, plaintiff-appellant, commenced an action in the Ohio Court of Claims against Allen Correctional Institution, defendant-appellee, seeking $1,000,000 monetary damages and other relief. His complaint demanded damages based upon Section 1983, Title 42, U.S.Code, for violating his rights to due process of law by (1) denying him proper medical treatment, and (2) by harassing him because of the filing of various complaints. He also

claimed a violation of R.C. 2921.44 for dereliction of duty of a person in charge of a detention facility.

Defendant answered, denying any wrongdoing and asserting various other defenses.

Subsequently, defendant moved for summary judgment alleging that the Court of Claims has no jurisdiction over a Section 1983 action against the state of Ohio, the only defendant in the Court of Claims, and that, in regard to the alleged medical claim, defendant had not produced an affidavit, as required by R.C. 2307.42.

The motion for summary judgment was supported by the affidavit of the health care administrator for the subject facility, who averred, supported by documents, that only a bedboard had been medically prescribed for plaintiff, which bedboard was provided.

In response to the motion for summary judgment, plaintiff argued that he was seeking damages for the medical claim based upon lack of proper medical treatment in violation of the institution's duty to see that the employees provided that treatment.

The trial court granted summary judgment to defendant. Plaintiff appeals asserting the following assignments of error:

"First Assignment of Error:

"The trial court erred when granting the defendant-appellee's motion for summary judgment.

"Second Assignment of Error:

"The trial court erred when not weighing all the evidence appropriately."

The judgment of the Court of Claims is affirmed.

■ To the extent that the action was a claim pursuant to Section 1983, Title 42, U.S.Code, it was properly dismissed since the state of Ohio is not a person subject to Section 1983 relief in the Court of Claims. *Burkey v. S. Ohio Correctional Facility* (1988), 38 Ohio App.3d 170, 528 N.E.2d 607; *Will v. Michigan Dept. of State Police* (1989), 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45.

■ In regard to the medical claim, the Court of Claims properly rendered summary judgment. It lacked subject matter jurisdiction to hear that claim because of plaintiff's failure to comply with the affidavit requirement of R.C. 2307.42. See R.C. 2307.42(B), and *Barham v. Dept. of Rehab. & Corr.* (Jan. 9, 1990), Franklin App. No. 89AP–839, unreported. Additionally, defendant produced sworn testimony that defendant was not negligent in failing to provide the bedboard that was supplied. There was no sworn evidence to the

contrary. (The notation that a notary was not available does not convert unsworn testimony to sworn testimony.)

The trial court did not weigh the evidence in granting defendant's motion for summary judgment. The summary judgment was granted based upon the law and facts clearly ascertainable from the face of the file which shows that Section 1983 relief was not available and that plaintiff had failed to supply an affidavit to confer jurisdiction on the court to decide a medical claim. Also, even if the facts were considered, the only evidence that could be considered pursuant to Civ.R. 56(C) was the sworn testimony provided by the affidavit and documents supplied by defendant, none of which was refuted by plaintiff other than by unsworn allegations.

Plaintiff-appellant's assignments of error are overruled and the judgment of the Ohio Court of Claims is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG, P.J., and PEGGY BRYANT, J., concur.