[Cite as *Easley v. Dept. of Rehab. & Corr.*, 2009-Ohio-7051.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID EASLEY

      Plaintiff

      v.

DEPARTMENT OF REHABILITATION AND CORRECTION

      Defendant
      Case No. 2008-01669

Judge Joseph T. Clark
Magistrate Steven A. Larson

<u>MAGISTRATE DECISION</u>

{¶ 1} Plaintiff brought this action alleging that defendant's employees used excessive force against him, that a disciplinary hearing was improperly conducted, and that a fee for property that he allegedly destroyed was improperly assessed against him. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Southern Ohio Correctional Facility (SOCF) pursuant to R.C. 5120.16. Plaintiff's three claims are interrelated and arise out of a series of events that occurred on January 18 and 23, 2008. On January 18, 2008, plaintiff was placed in a "suicide cell" in a segregation unit at SOCF. Plaintiff testified that he had been placed in this particular cell on numerous occasions and that he had repeatedly complained that the mattress in the cell had a hole in it and that the stuffing was loose and falling out. According to plaintiff, when he was placed in the cell this time he vociferously complained to corrections officers about the condition of the bed and demonstrated the

problem with the mattress; that the officers responded by spraying him with chemical mace and ticketing him for destroying the bed.          The SOCF Rules Infraction Board (RIB) conducted a hearing on January 23, 2008, concerning the charges against plaintiff. (Defendant's Exhibit P.)   The RIB concluded that plaintiff "was acting out, pulling foam from within his bed and trying to grab staff through his food hatch" and imposed a $500 fine against plaintiff for the damage to the bed. (Defendant's Exhibit T.) Plaintiff appealed and the decision was affirmed by the warden. (Defendant's Exhibit V.)

**{¶ 3}** Plaintiff testified that he felt that the hearing before the RIB was improperly conducted. Specifically, plaintiff stated that his request for assistance from a member of the mental health staff was denied and that one of the members of the RIB panel, "Ms. Adams," did not have the necessary training to sit on the panel. Plaintiff further stated that another of the panel members, "Miller," does not like him and always finds him guilty. Plaintiff also stated that he felt that the $500 fee should not have been assessed against him without a court proceeding and jury trial.

**{¶ 4}** Plaintiff's claims regarding the proceedings during the RIB hearing raise the issues of due process and discretionary immunity.

**{¶ 5}** To the extent that plaintiff asserts that the denial of assistance during the hearing and the assessment of the fee for the destruction of property somehow violated his constitutionally guaranteed right to due process, it is well-settled that such claims are not actionable in the Court of Claims. See *Thompson v. Southern State Community College* (June 15, 1989), Franklin App. No. 89AP-114; *Burkey v. Southern Ohio Corr. Facility* (1988), 38 Ohio App.3d 170.

**{¶ 6}** With regard to plaintiff's claims that Adams should not have been permitted to sit as a member of the RIB panel, the Supreme Court of Ohio has held that "[t]he language in R.C. 2743.02 that 'the state' shall 'have its liability determined * * * in accordance with the same rules of law applicable to suits between private parties * * *'

means that the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." *Reynolds v. State* (1984), 14 Ohio St.3d 68, 70.  Prison administrators are provided "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish* (1979), 441 U.S. 520, 547.

**{¶ 7}**  The court finds that decisions made concerning the composition of the RIB panel are characterized by a high degree of official judgment or discretion and that defendant is therefore entitled to discretionary immunity for claims arising therefrom.

**{¶ 8}**  Plaintiff testified that, at the conclusion of the RIB hearing, as he attempted to turn and sign a sheet of paper, Corrections Sergeant David McCroskey "charged" him from behind, grabbed his collar, and slammed him up against a wall. Plaintiff further testified that Corrections Sergeant Shannon Bear then grabbed his fingers and hands and bent them at a severe angle.  Plaintiff explained that his hands were secured behind his back with handcuffs and he turned to sign the paper as ordered to by "Armstrong," the third panel member.  Plaintiff believed Miller ordered Sergeant McCroskey into the room specifically to "attack" him.

**{¶ 9}**  The Ohio Administrative Code sets forth the circumstances under which force may be lawfully utilized by prison employees in controlling inmates.  Ohio Adm.Code 5120-9-01(C) provides, in relevant part:

**{¶ 10}**  "(2) Less-than-deadly force.  There are six general circumstances in which a staff member may use force against an inmate or third person.  A staff member may use less-than-deadly force against an inmate in the following circumstances:

**{¶ 11}**  "(a)  Self-defense from physical attack or threat of physical harm;

**{¶ 12}**  "(b)  Defense of another from physical attack or threat of physical attack;

**{¶ 13}**  "(c)  When necessary to control or subdue an inmate who refuses to obey prison rules, regulations or orders;

{¶ 14} "(d) When necessary to stop an inmate from destroying property or engaging in a riot or other disturbance;

{¶ 15} "(e)  Prevention of an escape or apprehension of an escapee; or

{¶ 16} "(f)  Controlling or subduing an inmate in order to stop or prevent self-inflicted harm."

{¶ 17} The court has recognized that "corrections officers have a privilege to use force upon inmates under certain conditions.  * * * Obviously 'the use of force is a reality of prison life' and the precise degree of force required to respond to a given situation requires an exercise of discretion by the corrections officer."  *Mason v. Ohio Dept. of Rehab. & Corr.* (1990), 62 Ohio Misc.2d 96, 101-102.  (Internal citations omitted.)

{¶ 18} Defendant submitted reports filed by Corrections Sergeant McCroskey, Corrections Sergeant Bear, Corrections Sergeant James Armstrong, Corrections Lieutenant Nathaniel Miller, Brenda Adams, and CO Christopher Brannigan following the incident as evidence to dispute plaintiff's claim that excessive force was used. (Defendant's Exhibits B, C, D, E, F, G.)  Defendant attempted to satisfy the requirements for admission of the reports into evidence by submitting the affidavit of Betty Coleman wherein she avers that the reports are compiled and kept in the ordinary course of business at SOCF.  (Defendant's Exhibit A.)

{¶ 19} Evid.R. 803(6) provides, in part:

{¶ 20} "A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10)."

{¶ 21} The court finds that Coleman's affidavit is not sufficient to comply with the requirements of Evid.R. 803(6). Accordingly, the statements included in the reports presented by defendant will not be considered in ruling on plaintiff's claims.

{¶ 22} However, the court finds that plaintiff's version of events does not establish that defendant's employees used excessive force in escorting him from the RIB hearing. Plaintiff's testimony concerning the incident was rambling, inconsistent, and not credible. Plaintiff admitted that he argued with the members of the RIB, refused to obey their orders, and felt that he was "being treated unfair." Moreover, plaintiff failed to prove that he suffered any injury at the hands of defendant's employees.

{¶ 23} For the foregoing reasons, judgment is recommended in favor of defendant.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
STEVEN A. LARSON
Magistrate

cc:

Jennifer A. Adair  
Assistant Attorney General  
150 East Gay Street, 18th Floor  
Columbus, Ohio 43215-3130

David Easley, #306-400  
P.O. Box 45699  
Lucasville, Ohio 45699

Magistrate Steven A. Larson

MR/cmd  
Filed December 10, 2009  
To S.C. reporter December 29, 2009