[Cite as *Gibbons v. S. Ohio Correctional Facility*, 2009-Ohio-7049.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILL GIBBONS

    Plaintiff

    v.

SOUTHERN OHIO CORRECTIONAL FACILITY

    Defendant
    Case No. 2007-09275

Judge J. Craig Wright
Magistrate Steven A. Larson

MAGISTRATE DECISION

{¶ 1}  Plaintiff brought this action alleging negligence.  The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2}  As an initial matter, on November 17, 2008, defendant filed a motion to quash all subpoenas filed by plaintiff for failure to tender witness fees.  The court notes that failure of service is not a proper basis for quashing a subpoena pursuant to Civ.R. 45(C)(3).  Accordingly, defendant's motion is DENIED.  However, inasmuch as plaintiff did not provide the appropriate witness fees, the court finds that the subpoenas were not properly served pursuant to Civ.R. 45(B), and are therefore not enforceable.

{¶ 3}  At all times relevant, plaintiff was an inmate in the custody and control of defendant, the Southern Ohio Correctional Facility (SOCF), pursuant to R.C. 5120.16. Plaintiff testified that between October 9 and 12, 2007, he was "out" to The Ohio State University Medical Center for surgery to repair a hernia.  According to plaintiff, he returned to SOCF on Friday, October 12, 2007, and was placed in a "holding cell" for the weekend where he was denied a shower, medical attention, clean clothes, and

clean bandages for his surgical wound.  Plaintiff stated that on Monday, October 15, 2007, he refused to go to "general population" as ordered because he was in too much pain to walk properly whereupon he was forced to remove his shoes and "marched" to the segregation housing unit "J2."  Plaintiff testified that his cell in J2 did not have bed sheets and that he was denied a shower and means to clean his surgical wound until Wednesday, October 17, 2007.  Plaintiff asserts that the medical care he received did not meet the requisite standard of care, that employees of defendant used excessive force against him by making him walk without shoes and with a recent surgical wound, and that he was negligently denied bed sheets and a shower.

{¶ 4}  In order for plaintiff to prevail upon his claims of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Ohio law imposes upon the state a duty of reasonable care and protection of its inmates; however, this duty does not make defendant the insurer of inmate safety. *Mitchell v. Ohio Dept. of Rehab. & Corr.* (1995), 107 Ohio App.3d 231, 235.

{¶ 5}  Chet Stambaugh testified that he has worked as a Corrections Officer (CO) at SOCF for 12 years.  According to Stambaugh, on October 15, 2007, he was ordered to escort plaintiff to general population but plaintiff refused to go.  Stambaugh stated that when he reported plaintiff's behavior he received orders from SOCF staff physician to escort plaintiff to segregation in J2.  Stambaugh testified that he has escorted inmates with medical problems in the past and has special training in such escorts.  Stambaugh stated that while he was escorting plaintiff, they had to stop "a few times" for plaintiff to rest, but that he did not order plaintiff to remove his shoes, did not notice plaintiff bleeding, and did not use any force against plaintiff.

{¶ 6} Richard Stoner is employed at SOCF as a Psychology Assistant 2. Stoner testified that he remembered plaintiff talking to him during his "rounds" on October 15, 2007. Stoner recalled that plaintiff made a general complaint about some medical problems and that he called the SOCF medical department on plaintiff's behalf. However, Stoner further stated that he did not recall seeing plaintiff's wound, or hear plaintiff either complain about bed sheets, or assert that a CO used excessive force against him.

{¶ 7} In order to establish liability regarding his claim that he received improper medical care, plaintiff must produce evidence to establish both the relevant standard of care and proximate cause. See *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127. The appropriate standard of care must be proven by expert testimony as to the ordinary skill, care, and diligence a medical professional in the same medical specialty would exercise in similar circumstances. Id. Plaintiff failed to provide expert medical testimony to support his allegation that the medical treatment he received at SOCF was insufficient or improper. Accordingly, that claim must fail.

{¶ 8} Furthermore, to the extent that plaintiff alleges that employees of defendant used excessive force against him, the court finds that plaintiff failed to produce credible evidence that force was used against him during escort to J2. Plaintiff's testimony that he was forced to walk to J2 without shoes was not believable.

{¶ 9} Finally, to the extent that plaintiff asserts claims based upon the conditions he was subjected to in the holding cell and his cell in J2, inmate complaints regarding the conditions of confinement are treated as claims arising under 42 U.S.C. 1983. *State ex rel. Carter v. Schotten*, 70 Ohio St.3d 89, 91, 1994-Ohio-37. It is well-settled that such claims are not actionable in the Court of Claims. See *Thompson v. Southern State Community College* (June 15, 1989), Franklin App. No. 89AP-114; *Burkey v. Southern Ohio Corr. Facility* (1988), 38 Ohio App.3d 170. As such, it is recommended that those claims be dismissed for lack of subject matter jurisdiction.

{¶ 10} For the foregoing reasons, it is recommended that judgment be rendered in favor of defendant.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
STEVEN A. LARSON
Magistrate

cc:

Christopher P. Conomy
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Will Gibbons
Belmont County Jail
68137 Hammond Road
St. Clarisville, Ohio 43950-8755

Magistrate Steven A. Larson

MR/cmd
Filed December 10, 2009
To S.C. reporter December 29, 2009