[Cite as *Israfil v. Warren Correctional Inst.*, 2010-Ohio-2177.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


MUMIN ISRAFIL

    Plaintiff

    v.

WARREN CORRECTIONAL INSTITUTION

    Defendant
    Case No. 2008-11605

Judge Alan C. Travis
Magistrate Matthew C. Rambo

<u>MAGISTRATE DECISION</u>


{¶ 1} Plaintiff brought this action alleging negligence.[1] The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability, civil immunity, and plaintiff's motion for an injunction.[2]

{¶ 2} On March 15, 2010, plaintiff filed a motion for findings of fact and conclusions of law pursuant to Civ.R. 53(D)(3)(a)(ii). Inasmuch as this decision contains both findings of fact and conclusions of law, the motion is GRANTED.

{¶ 3} At all times relevant, plaintiff was an inmate in the custody and control of defendant pursuant to R.C. 5120.16. Plaintiff alleges that on August 6, 2008, he was struck by a vehicle known as the "trash cart" which was operated by defendant's employee, Corrections Officer (CO) Latonia Thomas. Plaintiff testified that this incident

---

[1]Plaintiff filed a motion for injunctive relief with his complaint. On March 17, 2009, the court issued an entry ordering that the motion be considered in conjunction with the trial on the merits pursuant to Civ.R. 65(B)(2).

[2]At trial, the court denied plaintiff's March 4, 2010 motion in limine to prohibit defendant from questioning him regarding his criminal record.

acted as a "catalyst" for events that have sent his health into a downward spiral. Plaintiff asserts that defendant has continuously denied him proper medical attention for his numerous ailments and he moves the court for an injunction requiring defendant to provide him with the treatment he desires.

{¶ 4} Plaintiff testified that on August 6, 2008, he was walking to his job assignment when he was struck from behind by the trash cart, which consists of a golf cart towing a trailer. According to plaintiff, he was walking on the far left side of the road when he observed the trash cart approaching from behind him. Although he attempted to get out of the way of the cart by moving off of the paved portion of the road and onto the dirt path adjacent to the road, he was struck by the trash cart in his right calf and he was knocked to the ground. Plaintiff was unsure whether the golf cart or the trailer had struck him, however he testified that it was probably the trailer because it is wider than the golf cart and "flares out" at the fenders.

{¶ 5} When plaintiff was asked if he gave the cart enough room, he stated that he did not. Plaintiff further admitted that he has an obligation to yield the road to vehicles but stated that he chose to look away as the trash cart approached. Specifically, plaintiff testified that he "did not see" and "did not want to see" the trash cart as it approached. Plaintiff testified that after the trailer hit him, fellow inmates helped him to his feet and he attempted to continue on his way. According to plaintiff, Thomas stopped him and ordered him to report to the infirmary. He walked to the infirmary without assistance and the infirmary medical staff provided him with both an ice pack and pain medication and then scheduled him to see a doctor. Plaintiff was informed that x-rays taken of his leg the day after the incident showed no bone fracture or other serious injuries.

{¶ 6} Thomas testified that on the day of the incident she was assigned to "trash cart duty" which included collecting trash from various locations around the institution and loading it onto the trailer. According to Thomas, she became aware that plaintiff

had been struck when she was alerted to the incident by the inmate traveling in the cart with her.  Thomas testified that she then stopped the cart, ordered plaintiff to report to the infirmary, and soon thereafter reported the incident to her superiors and filed an incident report.  (Plaintiff's Exhibit 14.)  Thomas stated that she was driving in the middle of the road when the incident occurred to keep the trailer from "swaying off the road."

{¶ 7}  In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.  Ohio law imposes upon the state a duty of reasonable care and protection of its inmates; however, this duty does not make defendant the insurer of inmate safety.  *Mitchell v. Ohio Dept. of Rehab. & Corr.* (1995), 107 Ohio App.3d 231, 235.

{¶ 8}  Based upon the above testimony, and the lack of any evidence that Thomas operated the trash cart in an unsafe or unreasonable manner, the court finds that any negligence by defendant is outweighed by plaintiff's negligence.  Specifically, the court finds that plaintiff was aware of the approaching trash cart and failed to use reasonable care to avoid it, and that this failure to ensure his own safety outweighs any negligence attributable to defendant.

{¶ 9}  With regard to his motion for injunctive relief, plaintiff testified that since the incident with the trash cart, he has experienced a litany of health problems including pain in his back, neck, and legs.  Plaintiff provided the court with numerous informal complaints and grievances that he filed which document his various ailments and allegedly establish defendant's failure to provide adequate treatment for those ailments. (Plaintiff's Exhibits 3, 4, 5.)  To that end, plaintiff stated that he requires an order compelling defendant to provide him with proper medical treatment, to schedule him for

appointments with "specialists," and to provide him transportation to those appointments.

{¶ 10} Inasmuch as plaintiff is unhappy with the manner in which medical care is being provided to him, the court finds that such a claim speaks to the conditions of his confinement. Inmate complaints regarding the conditions of confinement are treated as claims arising under 42 U.S.C. 1983. *State ex rel. Carter v. Schotten*, 70 Ohio St.3d 89, 91, 1994-Ohio-37. It is well-settled that such claims are not actionable in the Court of Claims. See *Thompson v. Southern State Community College* (June 15, 1989), Franklin App. No. 89AP-114; *Burkey v. Southern Ohio Corr. Facility* (1988), 38 Ohio App.3d 170.

{¶ 11} To the extent that plaintiff asserts a claim for monetary relief based upon inadequate or improper medical care, in order to establish such a claim plaintiff must produce evidence to establish both the relevant standard of care and proximate cause. See *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127. The appropriate standard of care must be proven by expert testimony as to the ordinary skill, care, and diligence a medical professional in the same medical specialty would exercise in similar circumstances. Id. Plaintiff failed to provide expert medical testimony to support his allegation that the medical treatment he received was insufficient or improper. It is recommended that judgment be rendered for defendant as to plaintiff's legal claims and that plaintiff's claim for injunctive relief be dismissed due to the lack of subject matter jurisdiction.[3]

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual*

---

[3]On March 25, 2010, plaintiff filed both a "motion" and a "motion for new trial." The motions are not well-taken and the same are hereby DENIED.

*finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
MATTHEW C. RAMBO
Magistrate

cc:

Emily M. Simmons                          Mumin Israfil, #289-920
James P. Dinsmore                         P.O. Box 120
Assistant Attorneys General               Lebanon, Ohio 45036
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

MR/cmd
Filed May 4, 2010
To S.C. reporter May 14, 2010