[Cite as *Israfil v. Warren Correctional Inst.*, 2010-Ohio-4308.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MUMIN ISRAFIL

　　　Plaintiff

　　　v.

WARREN CORRECTIONAL INSTITUTION

　　　Defendant
　　　Case No. 2008-11605

Judge Alan C. Travis
Magistrate Matthew C. Rambo

JUDGMENT ENTRY

{¶ 1} Plaintiff brings this action alleging negligence. Plaintiff also seeks an injunction to compel defendant to provide him with medical care. A trial was held on the issue of liability. On May 4, 2010, the magistrate issued a decision recommending judgment for defendant on plaintiff's negligence claim and that plaintiff's claim for injunctive relief be dismissed due to the lack of subject matter jurisdiction.[1]

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Plaintiff timely filed his objections and an affidavit of evidence pursuant to Civ.R.53(D)(3)(b)(iii). Defendant filed a response supported by an affidavit.[2]

---

[1]Plaintiff's June 28, 2010 motion for appointment of counsel is DENIED. See *Perotti v. Ohio Dept. of Rehab. & Corr.* (1989), 61 Ohio App.3d 86, 91.

[2]Defendant's July 2, 2010 motion to withdraw defendant's memorandum and motion for leave to file an affidavit are DENIED as moot.

{¶ 3} At all times relevant, plaintiff was an inmate at defendant's Warren Correctional Institution. In his complaint, plaintiff alleged that defendant's employee operated a "trash cart" in a negligent manner so as to strike him and cause him injury. The magistrate determined that plaintiff failed to prove that [Corrections Officer(Co)] Thomas operated the trash cart in an unsafe manner. In the alternative, the magistrate concluded that any negligence on the part of defendant was outweighed by plaintiff's own negligence in failing to move out of the way of the approaching trash cart.

{¶ 4} In his first objection, plaintiff asserts that the magistrate should have applied the doctrine of last clear chance. The court disagrees. Indeed, the court finds that the magistrate properly analyzed the case by using comparative fault analysis in concluding that plaintiff's negligence outweighed any negligence by the defendant. *Mitchell v. Ross* (1984), 14 Ohio App.3d 75, 78. Accordingly, plaintiff's first objection is OVERRULED.

{¶ 5} In his second objection, plaintiff asserts that the magistrate erred in finding that plaintiff was not certain whether he was hit by the cart or the trailer and in finding that plaintiff did not give the trash cart enough room to pass. Plaintiff states that his testimony was misunderstood by the magistrate. Plaintiff, however, does not deny giving the testimony attributed to him by the magistrate and the court finds that the meaning ascribed to such testimony by the magistrate is reasonable. Moreover, whether plaintiff had been hit by the cart or the trailer is not a dispositive fact in the case. In short, the magistrate's findings are supported by the evidence and plaintiff's second objection is OVERRULED.

{¶ 6} Plaintiff asserts that the magistrate erred in ruling that the court lacked subject matter jurisdiction over plaintiff's request for injunctive relief. The magistrate found that plaintiff's request spoke to the conditions of his confinement and that such claims are not actionable in the Court of Claims. See *State ex rel. Carter v. Schotten*, 70 Ohio St.3d 89, 91, 1994-Ohio-37; *Thompson v. Southern State Community College*

(June 15, 1989), Franklin App. No.89AP-114; *Burkey v. Southern Ohio Corr. Facility* (1988), 38 Ohio App.3d 170. Plaintiff's third objection is OVERRULED.

{¶ 7} In his fourth objection, plaintiff asserts that the magistrate erred in his regulation of the trial and in denying plaintiff's motion for a new trial. Civ.R. 53(C)(1) provides magistrates with authority to determine any motion made in any case. Plaintiff has also failed to provide evidentiary support for his contention. Accordingly, plaintiff's fourth objection is OVERRULED.

{¶ 8} On June 16, 2010 plaintiff filed a motion to submit additional evidence, which the court construes as a supplemental objection and affidavit. Therein, plaintiff seeks to admit a video taken on the day of the trial allegedly showing plaintiff being "carried and dragged to and from the courtroom causing him depilitating [sic] pain." Plaintiff also seeks to admit a medical "release of responsibility" form, a "notification of medical appointment" form, and a Department of Rehabilitation and Correction policy regarding transportation of inmates to medical appointments. Plaintiff claims that the magistrate erred by refusing to admit these exhibits at trial. However, none of these proposed exhibits contains evidence relevant to the liability of defendant in the instant case under an ordinary negligence theory.

{¶ 9} Plaintiff also claims that the magistrate refused to consider Exhibits 11, 12, and 13 which, according to plaintiff, coroborate his testimony that inmates are not permitted to walk on the grass. The record, however, establishes that Exhibits 11, 12, and 13 were admitted into evidence at the trial. The magistrate concluded that, even though plaintiff testified that inmates could not leave the walkway, plaintiff failed to use reasonable care to avoid being hit by the trash cart. The court agrees with the magistrate's conclusion. Accordingly, plaintiff's supplemental objections are OVERRULED.

{¶ 10} Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objections are OVERRULED and the court

adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein.   Judgment is rendered in favor of defendant.   Court costs are assessed against plaintiff.   The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Emily M. Simmons                              Mumin Israfil, #289-920
James P. Dinsmore                             P.O. Box 120
Assistant Attorneys General                   Lebanon, Ohio 45036
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

LP/GWP/cmd
Filed August 24, 2010
To S.C. reporter September 9, 2010