[Cite as *Mohler v. Bur. of Sentence Computation*, 2011-Ohio-7015.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ERIC S. MOHLER

     Plaintiff

     v.

BUREAU OF SENTENCE COMPUTATION

     Defendant

Case No. 2011-11262

Judge Alan C. Travis
Magistrate Matthew C. Rambo

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶1} On October 24, 2011, defendant filed a "motion to dismiss or for summary judgment." On October 27, 2011, the court issued an entry stating that the motion is construed as a motion for summary judgment pursuant to Civ.R. 56(B). On November 4, 2011, plaintiff filed a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable

minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} Plaintiff is currently an inmate in the custody and control of the Department of Rehabilitation and Correction at the Noble Correctional Institution pursuant to R.C. 5120.16. Plaintiff asserts that defendant erred in calculating his release date for a prior prison term that he served for a sexual offense. According to plaintiff, due to the error, he was forced to register as a sexually-oriented offender upon his release pursuant to the newly enacted "Megan's Law." Plaintiff asserts that defendant violated his civil rights, including those guaranteed by the Eighth and Fourteenth amendments to the United States Constitution.

{¶5} Defendant argues that this court lacks jurisdiction over plaintiff's claims predicated upon constitutionally guaranteed rights. Defendant further argues that to the extent that plaintiff has asserted claims for false imprisonment or defamation, such claims are untimely.

{¶6} With respect to plaintiff's claims that his civil and constitutionally guaranteed rights were violated, it is well-settled that the court of claims lacks subject matter jurisdiction to entertain such claims. See *Jett v. Dallas Indep. School Dist.* (1989), 491 U.S. 701; *Burkey v. S. Ohio Correctional Facility* (1988), 38 Ohio App.3d 170; *White v. Chillicothe Correctional Institution* (Dec. 29, 1992), Franklin App. No. 92AP-1230.

{¶7} Plaintiff's assertion that defendant improperly calculated his release date states a claim for false imprisonment.

{¶8} R.C. 2743.16(A) provides in relevant part:

{¶9} "[C]ivil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action *or within any shorter period that is applicable to similar suits between private parties*." (Emphasis added.)

{¶10} R.C. 2305.11(A) provides, in relevant part:

{¶11} "(A)  An action for * * * false imprisonment * * * shall be commenced *within one year after the cause of action accrued * * *.*"  (Emphasis added.)

{¶12} "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time * * *.'"  *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109, quoting *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71.

{¶13} Plaintiff filed his original complaint on September 21, 2011, and attached a December 22, 2009 judgment entry from the Licking County Court of Common Pleas dismissing an indictment filed against him for failure to register as a sexually-oriented offender.  Plaintiff asserts that the indictment was dismissed because he never should have been required to initially register as a sex offender in 1998.  Plaintiff argues that his claim accrued on December 22, 2009, when the judgment entry was issued.

{¶14} However, an action for false imprisonment accrues upon release from confinement.  *Robinson v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 10AP-550, 2011-Ohio-713.  Plaintiff filed an affidavit from his mother, Marjorie Allen, who states that she drove plaintiff to his attorney's office on the Monday after his release in April 1998 to discuss with her whether he had to register as a sexually-oriented offender. Inasmuch as the undisputed evidence establishes that plaintiff was released in April 1998, his claim for false imprisonment accrued at that time, and is now time-barred.

{¶15} Furthermore, construing plaintiff's allegations as a claim for defamation, such claim is also time-barred.

{¶16} R.C. 2305.11 provides, in pertinent part:

{¶17} "(A)  An action for libel [or] slander * * * shall be commenced within one year after the cause of action accrued * * *."

{¶18} An action for defamation upon an improper order to register as a sexually-oriented offender accrues when the registration requirement is first imposed.  *Pankey v. Ohio Adult Parole Auth.*, Franklin App. No. 11AP-36, 2011-Ohio-4209, ¶8, 11.  The affidavit establishes that plaintiff was first required to register in April 1998.  Accordingly, any defamation claim that may exist against defendant is untimely.

{¶19} Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant.  All pending motions are DENIED as moot.

Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Christopher P. Conomy
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Eric S. Mohler, #625-937
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, Ohio 43724

Filed December 16, 2011
To S.C. reporter March 5, 2012