[Cite as *Reid v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-7050.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MAURICE REID

      Plaintiff

      v.

DEPARTMENT OF REHABILITATION AND CORRECTION

      Defendant

Case No. 2011-08563

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶1} This case is sua sponte assigned to Judge Joseph T. Clark to conduct all proceedings necessary for decision in this matter.

{¶2} On November 1, 2011, defendant filed a combined motion for summary judgment pursuant to Civ.R. 56(B) and motion for judgment on the pleadings pursuant to Civ.R. 12(C). Plaintiff did not file a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶3} As an initial matter, on December 2, 2011, plaintiff filed an amended complaint. On December 9, 2011, defendant filed a motion to strike plaintiff's amended complaint pursuant to Civ.R. 12(F). Civ.R. 15(A) provides that plaintiff may amend his complaint only with leave of court once a responsive pleading is served. A review of the record shows that defendant filed an answer to plaintiff's original complaint on July 8, 2011. Accordingly, defendant's motion to strike is GRANTED, and plaintiff's December 2, 2011 amended complaint is hereby STRICKEN.

{¶4} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Mansfield Correctional Institution (ManCI) pursuant to R.C. 5120.16.

Plaintiff alleges "defamation/slander, harassment, ethnic intimidation, racial profiling, [lying] as well as presenting false facts on * * * documents," and "abuse of authority" by ManCI employee Mike Sesco. Plaintiff asserts a claim for $2,500 for "pain and suffering" and "emotional anguish." Plaintiff further requests that this court make an "all immunities determination" as to Sesco and other ManCI staff.

{¶5} Civ.R. 56(C) states, in part, as follows:

{¶6} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶7} In support of its motion, defendant filed the affidavit of Mike Sesco, who states:

{¶8} "1.   I am employed by [defendant] as Commissary Manager at [ManCI]. I was the Commissary Manager during all the times mentioned herein. I have personal knowledge for the matters hereinafter referred to, and make this affidavit in support of defendant's motion for judgment on the pleadings and motion for summary judgment.

{¶9} "2.   On or about March 25, 2011, [plaintiff] began working in the prison commissary at ManCI as a material handler.

{¶10} "3.   I was [plaintiff's] supervisor in the commissary.

{¶11} "4. As a new worker in the commissary, [plaintiff] was required by [defendant's] policy to be on probation for 30 days.

{¶12} "5. On April 5, 2011, well within [plaintiff's] probation period, I wrote an Inmate Evaluation Report requesting [plaintiff] be removed from employment in the commissary. Exhibit 1.

{¶13} "6. Because [plaintiff] was on probation at the time of his removal, I was not required to write a conduct report giving the reason for his removal.

{¶14} "7. ManCI subsequently removed [plaintiff] from working in the commissary.

{¶15} "8. Inmates who work in the commissary handle the commissary materials on a daily basis; therefore, we have a strict policy in the commissary concerning theft.

{¶16} "9. When an inmate starts working in the commissary, I always inform the inmate about the theft policy in the commissary. I instruct every inmate that starts working in the commissary about the theft policy.

{¶17} "10. The theft policy is the same for every inmate. I instruct every inmate in the same theft policy.

{¶18} "11. The theft policy is told and applied to all inmates equally.

{¶19} "12. I never gave a speech to [plaintiff] or any other inmate about how I allegedly feel toward the African American race.

{¶20} "13. I have never said that all African Americans are good for is sex, having babies, selling drugs, and stealing."

{¶21} Defamation is defined as "the unprivileged publication of a false and defamatory matter about another * * * which tends to cause injury to a person's reputation or exposes him to public hatred, contempt, ridicule, shame or disgrace * * *." *McCartney v. Oblates of St. Francis deSales* (1992), 80 Ohio App.3d 345, 353. (Internal citations omitted.)

{¶22} Based upon the undisputed affidavit filed by defendant, the court finds that Sesco did not publish any false and defamatory statements about plaintiff. Accordingly, plaintiff's defamation claim must fail.

{¶23} To the extent that plaintiff asserts a negligence claim based upon Sesco's alleged failure to follow ManCI policy and procedure in terminating his employment in the commissary, Sesco's undisputed affidavit establishes that plaintiff was terminated from employ in the commissary pursuant to ManCI policy and procedure. Accordingly, plaintiff's negligence claim must also fail.

{¶24} The court construes plaintiff's harassment claim as a claim for intentional infliction of emotional distress. In order to sustain such a claim, plaintiff must show that: "(1) defendant intended to cause emotional distress, or knew or should have known that actions taken would result in serious emotional distress; (2) defendant's conduct was extreme and outrageous; (3) defendant's actions proximately caused plaintiff's psychic injury; and (4) the mental anguish plaintiff suffered was serious." *Hanly v. Riverside Methodist Hosps.* (1991), 78 Ohio App.3d 73, 82, citing *Pyle v. Pyle* (1983), 11 Ohio App.3d 31, 34.

{¶25} Based upon the undisputed facts as established by Sesco's affidavit, plaintiff cannot possibly prove a claim for intentional infliction of emotional distress.

{¶26} Plaintiff also alleges that while he was employed in the ManCI commissary, Sesco treated him and other African American inmates differently than other inmates in violation of their constitutional rights. It is well-settled however that claims arising under alleged violations of such constitutional rights are not actionable in the Court of Claims. See *Thompson v. S. State Community College* (June 15, 1989), Franklin App. No. 89AP-114; *Burkey v. S. Ohio Corr. Facility* (1988), 38 Ohio App.3d 170.

{¶27} Finally, to the extent that plaintiff asserts that Sesco is not entitled to civil immunity, pursuant to R.C. 2743.02(F) and R.C. 9.86, the court finds no basis for plaintiff's assertion. Accordingly, the court finds that Mike Sesco is entitled to immunity

pursuant to R.C. 9.86 and 2743.02(F) and that the courts of common pleas do not have jurisdiction over any civil actions that may be filed against him based upon the allegations in this case.

{¶28} Based upon the foregoing, defendant's motion is GRANTED. Plaintiff's claims based upon alleged violations of his constitutional rights are DISMISSED for lack of subject matter jurisdiction and judgment is rendered in favor of defendant on plaintiff's defamation, negligence, and intentional infliction of emotional distress claims. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Amy S. Brown                              Maurice Reid, #538-099
Jeanna R. Volp                            P.O. Box 788
Assistant Attorneys General               1150 North Main Street
150 East Gay Street, 18th Floor           Mansfield, Ohio 44901
Columbus, Ohio 43215-3130

MCR/dms
Filed December 23, 2011
To S.C. reporter March 20, 2012