WARREN, APPELLANT, *v.*
THE STATE OF OHIO, DEPARTMENT
OF CORRECTIONS.

(No. 85-11291-AD—Decided
July 28, 1987.)

Court of Claims of Ohio.

*Henry Warren, pro se.*
*Anthony J. Celebrezze, Jr.,* attorney general, for appellee.

STERN, J. This appeal of an administrative determination is considered pursuant to the provisions of C.C.R. 6(H)(6). That Court of Claims rule provides that upon review of the clerk's determination the judge shall confirm the clerk's determination and enter judgment thereon or, if there is substantial error, vacate the clerk's determination.

Plaintiff presents three grounds of claimed error by the clerk in making his determination.

The first ground of claimed error is that the clerk ruled on false information submitted. There is no indication in the court file to show that this ground has any merit.

The next claimed ground of error by plaintiff is that the clerk stated that there is no duty to pack and store an inmate's property. Prison officials are not the insurers of the safety of a prisoner's personal possessions. Prison officials are required to use reasonable, ordinary care in protecting a prisoner's personal effects, while the prisoner may be away from his cell. The container in which plaintiff kept his personal items was locked when plaintiff left the cell and was still locked when he returned. Plaintiff has offered no proof to indicate that the prison officials in any way or manner interfered with the locked container during plaintiff's absence from his cell. The clerk found the defendant had no duty to pack and store plaintiff's property during his absence from his cell.

In order for plaintiff to be compensated for his claimed loss he must show by a preponderance of the evidence defendant's agents knew or had reason to know that another person would enter plaintiff's cell during his absence with the intent to steal property belonging to the prisoner. This the plaintiff has failed to show. The container was locked when he returned. Plaintiff offers no proof that in his absence a prison official broke into the container and stole the items referred to in plaintiff's complaint.

As a third assignment of error plaintiff claims that prison officials do not protect the safety of a prisoner's property, particularly in his absence from his cell. Plaintiff has failed to show that this situation occurred on the day he was absent from his cell.

A plaintiff in bringing any lawsuit in any civil court is required to present proof in his claim for damages and is required to establish by a preponderance or the greater weight of the evidence that the defendant was negligent. There is no showing in the court file that defendant was in any manner negligent.

Plaintiff in prosecuting this appeal was required to show that the clerk in making his determination committed substantial error. This, the record of proceedings does not show.

It is therefore the order of this court that plaintiff has failed to show that the clerk in making his determination committed substantial error. Therefore, as a matter of law the clerk's determination is confirmed by this court. Judgment is entered for the defendant.

*Determination affirmed.*

LEONARD J. STERN, J., retired, of the Supreme Court of Ohio, sitting by assignment.