[Cite as *Swain v. Toledo Correctional Inst.*, 2010-Ohio-3792.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SEAN PAUL SWAIN

      Plaintiff

      v.

TOLEDO CORRECTIONAL INSTITUTION

      Defendant

      Case No. 2009-09574-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF DISMISSAL

{¶ 1} On December 17, 2009, plaintiff, Sean Paul Swain, filed a complaint against defendant, Toledo Correctional Institution. Plaintiff asserted that defendant was negligent in allowing another inmate to enter his locked cell and steal his Sony CD player and one CD. Plaintiff sought damages in the amount of $81.94 for the lost property. Plaintiff submitted the $25.00 filing fee.

{¶ 2} On February 24, 2010, defendant filed a motion to dismiss. Defendant asserted plaintiff's claim should be denied pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted. In support of the motion, defendant stated that plaintiff could not prove, by a preponderance of the evidence, that plaintiff's property loss was a result of negligence on the part of defendant. Defendant's investigation revealed that none of defendant's agents unlocked plaintiff's cell to allow access by another inmate. Furthermore, plaintiff failed to secure his property in his locker box. Therefore, plaintiff's claim should be denied.

{¶ 3} Plaintiff has not responded to defendant's motion to dismiss.

{¶ 4}   Civ.R. 12(B) in pertinent part states:

{¶ 5}   "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56."

{¶ 6}   Civ.R. 56(C) states, in part, as follows:

{¶ 7}   "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  No evidence or stipulation may be considered except as stated in this rule.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."  See also *Gilbert v. Summit County*, 104 Ohio St. 3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 4 O.O. 3d 466, 364 N.E. 2d 267.

{¶ 8}   In plaintiff's attachment to his pleading, he offers the affidavits of two fellow inmates, Mike Rose and Brian Wickensimer.  However, neither of these individuals witnessed defendant's agent unlock plaintiff's cell and allow access by an unauthorized inmate.  Plaintiff's allegations concerning the way the theft of his cell was achieved is not based on facts, but on speculation.  Defendant's investigation reveals no evidence has been presented to show that defendant's agent unlocked plaintiff's cell to allow access by another inmate.

{¶ 9}   Plaintiff has failed to show, by a preponderance of the evidence, that defendant's agents knew or had reason to know that another person would enter the

plaintiff's cell and steal his property.  *Warren v. Department of Corrections* (1987), 36 Ohio Misc. 2d 18, 521 N.E. 2d 861.  Prison officials are not the insurers of the safety of a prisoner's personal possessions.  *Warren*.

{¶ 10} The mere fact that a theft occurred is insufficient to show defendant's negligence.  *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425.  Defendant is not responsible fo thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent.  *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.  Plaintiff  must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm.  *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.  The fact defendant supplied plaintiff with a locker box and access to a lock to secure valuables constitutes prima facie evidence of defendant's discharging its duty of reasonable care.  *Watson v. Department of Rehabilitation and Correction* (1987), 86-02635-AD.  Defendant is not required to take extraordinary measures to provide inmates means to secure their property.  Plaintiff has failed to prove, by a preponderance of the evidence, that his property was taken as a proximate result of negligence on the part of defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.

{¶ 11} Therefore, defendant's motion to dismiss is GRANTED.  Plaintiff's case is DISMISSED.  The court shall absorb the court costs of this case.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Case No. 2009-09574-AD      - 4 -      ENTRY

Sean Paul Swain, #243-205
2001 East Central Avenue
P.O. Box 80033
Toledo, Ohio  43608

Stephen A. Young
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

DRB/laa
Filed 4/9/10
Sent to S.C. reporter 8/13/10