[Cite as *Eismon v. Dept. of Rehab. & Corr.*, 2010-Ohio-3791.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT LEE EISMON

    Plaintiff

    v.

DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

    Case No. 2009-09477-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF DISMISSAL

{¶ 1} On December 10, 2009, plaintiff, Robert Lee Eismon, filed a complaint against defendant, Department of Rehabilitation and Correction. Plaintiff alleges on August 3, 2009, after he returned from chow, he noticed that unknown individual(s) had removed his full locker box and replaced it with an empty locker box. Plaintiff seeks damages in the amount of $132.32.

{¶ 2} On February 11, 2010, defendant filed a motion for extension of time to submit the investigation report. On February 24, 2010, defendant filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted. In support of the motion to dismiss, defendant states that plaintiff has failed to provide any evidence that plaintiff's theft was the result of a wrongful act committed by defendant's agents. Furthermore, plaintiff failed to show defendant breached any duty of care owed to plaintiff. Therefore, plaintiff's claim should be dismissed.

{¶ 3} Plaintiff has not responded to defendant's motion to dismiss.

{¶ 4} Civ.R. 12(B) in pertinent part states:

{¶ 5}   "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56."

{¶ 6}   Civ.R. 56(C) states, in part, as follows:

{¶ 7}   "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  No evidence or stipulation may be considered except as stated in this rule.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."  See also *Gilbert v. Summit County*, 104 Ohio St. 3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 4 O.O. 3d 466, 364 N.E. 2d 267.

{¶ 8}   Plaintiff has failed to present any evidence or allegations that attribute the loss of his property to the wrongdoing of any of defendant's agents.

{¶ 9}   "In order for plaintiff to be compensated for his claimed loss he must show by a preponderance of the evidence defendant's agents knew or had reason to know that another person would enter plaintiff's cell during his absence with the intent to steal property belonging to the prisoner."  *Warren v. Department of Corrections* (1987), 36 Ohio Misc. 2d 18, 52 N.E. 2d 861.

{¶ 10} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 11} The mere fact that a theft occurred is insufficient to show defendant's negligence. *Custom v. Southern Ohio Correctional Facility* (1985), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Custom*.

{¶ 12} Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 13} Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 14} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 15} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, 798 N.E. 2d 1121, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 16} Plaintiff has failed to prove, by a preponderance of the evidence, that his property was stolen as a proximate result of any negligence on the part of defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.

{¶ 17} Therefore, defendant's motion for extension of time is MOOT and defendant's motion to dismiss is GRANTED. Plaintiff's case is DISMISSED. The court shall absorb the court costs of this case.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Robert Lee Eismon, #517-490          Stephen A. Young
P.O. Box 7010                        Department of Rehabilitation
Chillicothe, Ohio  45601-7010        and Correction
                                     770 West Broad Street
                                     Columbus, Ohio  43222

DRB/laa
Filed 4/9/10
Sent to S.C. reporter 8/13/10