[Cite as *Wise v. Ross Correctional Inst.*, 2011-Ohio-1772.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ALVIN WISE

    Plaintiff

    v.

ROSS CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2010-08870-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF DISMISSAL

{¶ 1} On July 8, 2010, plaintiff, Alvin Wise, filed a complaint against defendant, Ross Correctional Institution. Plaintiff asserts on December 25, 2009, at approximately 1:45, he discovered personal property missing from his cell. Plaintiff admitted he left his cell door unlocked while he was away.

{¶ 2} On October 26, 2010, defendant filed a motion to dismiss. Defendant asserts plaintiff failed to state a claim upon which relief can be granted. Defendant contends plaintiff has failed to allege that any conduct on the part of defendant caused plaintiff's property loss.

{¶ 3} Plaintiff did not respond to defendant's motion to dismiss.

{¶ 4} This court has held that the mere fact that a theft occurred is not enough to show that defendant is liable for the loss of plaintiff's property. *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425.

{¶ 5} In order for plaintiff to be compensated for his claimed loss he must show,

by a preponderance of the evidence, defendant's agents knew or had reason to know that another person would enter plaintiff's cell during his absence with the intent to steal property belonging to the prisoner. *Warren v. The State of Ohio, Department of Correction*, 36 Ohio Misc. 2d 18, 521 N.E. 2d 861, at 862. In this case, the plaintiff has neither alleged, nor provided, any evidence that defendant had reason to believe that someone would enter his unsecured cell to steal his property. Furthermore, while prison officials are required to use reasonable or ordinary care in protecting a prisoner's personal property when a prisoner is away from his cell, officials are not insurers of the safety of the prisoner's personal possessions. *Warren*, at 862. The defendant does not have the liability of an insurer (i.e., is not liable without fault with respect to inmate property), but does have a duty of "reasonable attempts to protect or recover" such property. Defendant is not responsible for the actions of other inmates unless an agency relationship is shown. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD. Finally, plaintiff must show that defendant breached a duty of ordinary or reasonable care. *Henderson v. Department of Rehabilitation and Correction* (1976), 76-0292-AD.

{¶ 6} The defendant's investigation revealed that plaintiff did not report the loss of the Super 3 Radio, tennis shoes, and CD player to defendant's agents. Plaintiff reported the theft of the boots on January 11, 2009 (17 days after the theft) and defendant's security staff immediately investigated the theft following plaintiff's report. A search was conducted and inmates in the surrounding area were questioned but the property was not located.

{¶ 7} Upon review, this court finds the defendant's motion to dismiss is

GRANTED, since plaintiff failed to state a claim upon which relief can be granted. Plaintiff's case is DISMISSED.  The court shall absorb the court costs in this case in excess of the filing fee.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Alvin Wise, #339-417                    Stephen A. Young
P.O. Box 7010                           Department of Rehabilitation
Chillicothe, Ohio  45601                and Correction
                                        770 West Broad Street
                                        Columbus, Ohio  43222

DRB/laa
Filed 1/21/11
Sent to S.C. reporter 4/8/11