[Cite as *Claren v. Mansfield Corr. Inst.*, 2011-Ohio-4842.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PAUL CLAREN

    Plaintiff

    v.

MANSFIELD CORRECTIONAL INSTITUTION

    Defendant
    Case No. 2008-08744

Judge Joseph T. Clark
Magistrate Anderson M. Renick

<u>MAGISTRATE DECISION</u>

{¶1} Plaintiff brought this action alleging property loss and retaliation. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶2} At all times relevant, plaintiff was an inmate in the custody and control of defendant, Mansfield Correctional Institution (ManCI), pursuant to R.C. 5120.16.

{¶3} Plaintiff alleges that on or about March 12, 2008, someone broke open his prison-issued locker box and stole two radios, 40 stamped envelopes, and six batteries. Plaintiff alleges that prior to the theft, he had complained to Corrections Sergeant Berry that his locker box was broken. Plaintiff asserts that defendant was negligent in failing both to prevent the theft and to conduct a proper investigation afterward. Plaintiff also alleges that defendant retaliated against him by "obstructing" his efforts to pursue claims both in this case and in another action by using "improper postage" and delaying processing of his "cash slips."

{¶4} Defendant must make reasonable attempts to protect inmates' property. *Triplett v. S. Ohio Corr. Facility*, Franklin App. No. 06AP-1296, 2007-Ohio-2526, ¶7. However, "[defendant] does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property * * *." Id. The mere fact that a theft occurred is not enough to show that the defendant is liable for the loss of plaintiff's property. *Warren v. Dept. of Corr.* (1987), 36 Ohio Misc. 2d 18. "In order for plaintiff to be compensated for his claimed loss he must show by a preponderance of the evidence defendant's agents knew or had reason to know that another person would enter plaintiff's cell during his absence with the intent to steal property belonging to the prisoner." Id. To establish that defendant is liable for the loss of an inmate's property, "plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue." *Freeman v. S. Ohio Corr. Facility,* Ct. of Cl. No. 2006-06949-AD, 2007-Ohio-1758, ¶13, citing *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82.

{¶5} Plaintiff testified that defendant issued a locker box in which he stored a radio, a "Sony Walkman," 40 stamped envelopes, and six batteries. According to plaintiff, he complained several times to Sergeant Berry that the back hinge of his locker box did not function properly. Plaintiff testified that on March 12, 2008, he went to breakfast while his cellmate slept in the cell. Plaintiff testified that his personal items were in the locker box when he left, but that when he returned fifteen minutes later, he found his locker box had been opened and that the items were missing. Plaintiff filed a grievance on March 13, 2008, describing the stolen property and requesting compensation. Plaintiff further testified that defendant conducted a search for the stolen property which was unsuccessful.

{¶6} Sharon Berry, the inspector of institutional services at ManCI, testified that plaintiff had not filed a written complaint regarding his locker box prior to the alleged

theft. According to Berry, the process for resolving disputes in the facility was as follows: the inmate must file a formal complaint to the supervisor; the supervisor conducts an investigation and offers recommendations; if the inmate is not satisfied with the outcome of the investigation, the inmate may then file a grievance. Berry testified that defendant followed the process after the property had been stolen and that an investigation was conducted. Berry stated that she interviewed the individuals who were named in plaintiff's compliant, including Sergeant Berry, and that her investigation revealed no evidence to substantiate plaintiff's assertion that he had orally reported the problem with his locker box prior to the incident.

{¶7} Based upon the evidence, the court finds that plaintiff's testimony is not credible and that he neither filed a formal complaint nor did he orally notify prison officials of the problem with his locker prior to the theft. Consequently, the court finds that defendant did not have notice that the locker box was in disrepair, nor did defendant have reason to know that another person would enter plaintiff's cell with the intent to steal the property. Therefore, defendant cannot be held liable for the theft of plaintiff's property.

{¶8} Plaintiff next contends that defendant violated its internal policy regarding investigation of theft and is therefore liable for the property loss.

{¶9} The Supreme Court of Ohio has held that "[p]rison regulations * * * are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St.3d 477, 479, 1997-Ohio-139. "A breach of [defendant's] internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. & Corr.* (1993), 67 Ohio Misc.2d 1, 3; see also *Horton v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 05AP-198, 2005-Ohio-4785, ¶29.

{¶10} Therefore, to the extent that plaintiff's claims depend solely upon defendant's non-compliance with internal policies, such claims are without merit. Additionally, the evidence establishes that defendant did conduct an investigation. The

fact that plaintiff's property was not found does not establish the lack of due care with respect to the quality of the investigation.

{¶11} Plaintiff also asserts that defendant obstructed, prevented, or delayed the mailing of his legal documents and correspondence in this action to prevent him from pursuing his claims against defendant.

{¶12} Inmate claims of such retaliatory conduct are to be treated as constitutional claims under Section 1983, Title 42, U.S.Code. *Deavors v. Ohio Dept. of Rehab. & Corr.* (May 20, 1999), Franklin App. No. 98AP-1105. Such claims may not be brought against the state in the Court of Claims because the state is not a "person" within the meaning of Section 1983. See, e.g., *Jett v. Dallas Indep. School Dist.* (1989), 491 U.S. 701; *Burkey v. S. Ohio Corr. Facility* (1988), 38 Ohio App.3d 170, 171; *White v. Chillicothe Corr. Inst.* (Dec. 29, 1992), Franklin App. No. 92AP-1230. Thus, insofar as plaintiff's claims are predicated upon retaliation, this court is without jurisdiction to hear those claims.

{¶13} Based upon the foregoing, it is recommended that judgment be rendered in favor of defendant.

{¶14} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
ANDERSON M. RENICK
Magistrate

cc:

Christopher P. Conomy
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Paul Claren
930 North Ella Street, Apt. 15
Orrville, Ohio 44667-1145

AMR/dms
Filed August 19, 2011
To S.C. reporter September 22, 2011