[Cite as *Melton v. Dept. of Rehab. & Corr.*, 2011-Ohio-6834.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

| | | |
|---|---|---|
| **MELTON,** | : | **Case No. 2010-12206** |
| **Plaintiff,** | : | **Judge Clark B. Weaver Sr.** |
| | | **Magistrate Matthew C. Rambo** |
| **v.** | : | |
| **DEPT. OF REHAB. & CORR.,** | : | |
| **Defendant.** | : | **MAGISTRATE DECISION** |

{¶ 1} Plaintiff brought this action alleging property loss and defamation, and requesting an immunity determination as to certain employees of defendant. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} As an initial matter, the court finds that plaintiff failed to present any evidence regarding either his defamation claim or his contention that defendant's employees are not entitled to civil immunity. Accordingly, judgment is recommended in favor of defendant as to the defamation claim and it is the determination of this court that defendant's employees Ricky Bowman and Roby Ware are entitled to civil immunity and that the courts of common pleas do not have jurisdiction over any claim against them based upon the facts alleged in the complaint.

{¶ 3} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Trumbull Correctional Institution (TCI) pursuant to R.C. 5120.16. Plaintiff alleges that property was stolen from him, including a pair of "Jordan Icon"

shoes. Plaintiff alleges that TCI staff recovered the shoes but refused to return them to him.

{¶ 4} "When prison authorities obtain possession of an inmate's property, a bailment relationship arises between the correctional facility and the inmate. By virtue of this relationship, [defendant] must exercise ordinary care in handling and storing appellant's property." *Triplett v. S. Ohio Corr. Facility*, Franklin App. No. 06AP-1296, 2007-Ohio-2526, ¶7. (Internal citations omitted.) However, "[defendant] does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property * * *." Id. The mere fact that a theft occurred is not enough to show that the defendant is liable for the loss of plaintiff's property. *Warren v. Dept. of Corr.* (1987), 36 Ohio Misc.2d 18. "In order for plaintiff to be compensated for his claimed loss he must show by a preponderance of the evidence defendant's agents knew or had reason to know that another person would enter plaintiff's cell during his absence with the intent to steal property belonging to the prisoner." Id. To establish that defendant is liable for the loss of an inmate's property, "plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue." *Freeman v. S. Ohio Corr. Facility,* Ct. of Cl. No. 2006-06949-AD, 2007-Ohio-1758, ¶13, citing *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82.

{¶ 5}  Plaintiff testified that sometime in June 2010, he was transported from TCI to appear for a common pleas court proceeding.  According to plaintiff, prior to his court appearance, his mother gave him a pair of Jordan Icon shoes.  Plaintiff stated that he wore the shoes for the court appearance and for his trip back to TCI.  Plaintiff testified that a short time after returning to TCI, another inmate pulled a knife on him and took the shoes.  According to plaintiff, as a result of the incident, he and the other inmate were sent to segregation and the shoes were confiscated but never returned to him.

{¶ 6}  With regard to other missing property, plaintiff testified that he was in segregation between June 6 and June 15, 2010.  According to plaintiff, while he was in segregation, his property was inventoried by a corrections officer (CO) and stored in the TCI property vault.  Plaintiff testified that when he was released from segregation on June 15, 2010, he retrieved his property, and it was all accounted for.  (Plaintiff's Exhibit 4.)  On June 17, 2010, plaintiff was transferred to the Mansfield Correctional Institution (ManCI); his property was inventoried and packed up by a CO and transported to ManCI separately.  According to plaintiff, when his property arrived at ManCI, much of it was either missing or did not appear on the inventory form.  (Plaintiff's Exhibit 5.) However, plaintiff admitted that his cellmate was the party responsible for informing TCI staff which property in the cell belonged to plaintiff.

{¶ 7}  Corrections Sergeant Ricky Bowman was in charge of the vault where plaintiff's property was stored while he was in segregation in June 2010.  Bowman

testified that when plaintiff was released from segregation, plaintiff presented himself at the property vault and inspected his property. According to Bowman, plaintiff was satisfied that nothing was missing and both he and plaintiff signed the inventory sheet of his property. (Plaintiff's Exhibit 4.) Bowman further testified that much of the property that was on the June 6, 2010 inventory form was not on the June 17, 2010 inventory form. According to Bowman, when plaintiff was transferred plaintiff's cellmate was responsible for informing the CO in charge of packing plaintiff's property which property in the cell belonged to plaintiff.

{¶ 8} Roby Ware has been the Warden's Assistant at TCI for 16 years. With regard to plaintiff's shoes, Ware testified that such items would have to be documented by TCI staff because it is against TCI policy for plaintiff to wear the shoes into the institution on his return trip from court. Ware stated that the shoes in question were disposed of as "unclaimed property" because plaintiff could not prove they were his. Ware testified that she did talk to plaintiff's mother about the shoes, but that since neither plaintiff nor his mother could provide a proper sales receipt, Ware did not return the shoes to plaintiff.

{¶ 9} Based upon the testimony presented at trial, the court finds that defendant is not liable for the loss of plaintiff's property. Specifically, the court finds that inasmuch as plaintiff did not have proof of ownership of the shoes in question, he was not entitled to possess them pursuant to defendant's policy. The court further finds that plaintiff has

failed to establish that defendant's agents were responsible for his property not being transferred from TCI to ManCI. Indeed it is more likely that plaintiff's cellmate at TCI did not properly identify all of plaintiff's property to TCI staff. Accordingly, judgment is recommended in favor of defendant.

{¶ 10} A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).

_____
MATTHEW C. RAMBO
Magistrate

cc:

Emily M. Simmons
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Gregory Melton, #570-333
P.O. Box 788
Mansfield, Ohio 44901

Filed November 2, 2011
To S.C. reporter December 30, 2011